UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **TRINITY LUTHERAN CHURCH** | **CASE NO. 2:22-CV-01112** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CHURCH MUTUAL INSURANCE CO S I** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment on Bad Faith" (Doc. 23) wherein Plaintiff, Trinity Lutheran Church dba Trinity Evangelical Lutheran Church of Maplewood Louisiana ("Trinity" or the "Church") moves for summary judgment on the issue of bad faith against Defendant, Church Mutual Insurance Company SI ("Church Mutual").

## FACTUAL STATEMENT

Hurricane Laura made landfall near Lake Charles, Louisiana on August 27, 2020, and on October 9, 2020, Hurricane Delta made landfall near Lake Charles, Louisiana. Both Hurricanes allegedly caused damage to Trinity's property. During the relevant time period, Church Mutual insured the property.

Trinity reported the claim to Church Mutual, who in turn, had the property inspected by Engle Martin on September 21, 2020. In its October 2, 2020 report, Engle Martin reported damages of $155,000. The Engle Martin report to Church Mutual also reported that an engineer was needed to inspect the property, excessive moisture in the fellowship

hall entrance and five Sunday school classrooms, and Restoration 1 was to begin mitigation efforts.[1]

Engle Martin also provided an October 6, 2020, an itemized estimate of $109,601.98, which did not include any allowance for mitigation work.[2] This report allocated $226.03 for Trinity's Heat, Ven & Air Conditioning repairs.[3] An Engle Martin photo report dated September 21, 2020, showed elevated moisture readings at Trinity's property.[4] Church Mutual had an engineer inspect the Church's property on July 14, 2021.[5]

On or about August 25, 2021, Church Mutual received Restoration 1's mitigation estimate of $38,043.17 and on April 13, 2022, Church Mutual received a supplemental Proof of Loss package from Trinity, which included an estimate from Accord Services, Inc. in the amount of $510,679.42.[6] On April 28, 2022, Church Mutual sent MKA International Inc., ("MKA") Nelson Forensics and HVACi to inspect the Church's property.[7] HVACi issued a report to Church Mutual recommending that the cost to repair the HVAC system was $11,217.08.[8] On June 1, 2022, MKA's estimated the Church's property damage at $251,103.91.[9] On September 30, 2022, Church Mutual received a supplemental Proof of Loss packages from Trinity, which included an updated estimate from Accord Services, Inc. for $483,768.99.[10]

---

[1] Plaintiff's exhibit 1.
[2] Plaintiff's exhibit 2.
[3] Id.
[4] Plaintiff's exhibit 3.
[5] Plaintiff's exhibit 5.
[6] Plaintiff's exhibit 11.
[7] Plaintiff's exhibits 12-14.
[8] Plaintiff's exhibit 12.
[9] Plaintiff's exhibit 14.
[10] Plaintiff's exhibit 15.

On March 2, 2023, Church Mutual received an estimate from US Restoration, LLC for $289,978.23 to repair the Church.[11] On March 28, 2023, Church Mutual received an estimate from US Restoration, LLC for $348,363.81 to repair the Church.[12] On April 28, 2023, Church Mutual received an estimate from All Seasons Air and Heat for $35,316.00 to repair part of the Church's HVAC system.[13]

To date, Church Mutual has paid a total of $191,792.53 for the Hurricane Laura and Delta losses.[14]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the

---

[11] Plaintiff's exhibit 17.
[12] Plaintiff's exhibit 18.
[13] Plaintiff's exhibit 20.
[14] Plaintiff's exhibit 16.

nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALSYSIS**

Trinity informs the Court that Church Mutual received exhaustive, thorough and satisfactory Proofs of Loss from its own adjusters and Trinity but has failed to pay the estimates and to reasonably adjust Trinity's loss. Trinity maintains that Church Mutual is in clear breach of its contractual insurance obligation and its actions, or the lack thereof, reach far beyond the threshold of arbitrary and thus, constitutes bad faith under Louisiana law.  Church Mutual has not responded to the instant Motion, and the time for doing so has elapsed. The Court considers the motion unopposed.

Despite the numerous estimates provided by Trinity and Church Mutual's own adjusters, Church Mutual has paid the Church the following payments: (1) $66,277.01 on

October 28, 2020,  (2) $33,861.39, on November 17, 2021, and (3) $91,654.13 on June 2, 2022 for a total of $191,792.53.[15]

Here, Trinity argues that Church Mutual failed to adjust the mitigation damage and structural damage to Trinity until over a year after the storms took place. Additionally, Church Mutual failed to pay Trinity the full Estimate of Loss from Engle Martin in 2020—Church Mutual's own adjuster. Finally, Church Mutual failed to pay Trinity the full estimate of damage from MKA International, Inc. (again, Church Mutual's adjuster). Thus, Trinity maintains that Church Mutual has failed to act and failed to uphold its duty to its insured. Trinity moves to have the Court rule that Church Mutual's handling of its claim was in bad faith. The Court agrees that it is undisputed that Church Mutual was in bad faith in handling this claim.

## **CONCLUSION**

Based on the foregoing and noting that this motion is unopposed, the Court will grant Plaintiff's Motion for Summary Judgment on Bad Faith (Doc. 23).

**THUS DONE AND SIGNED** in Chambers on this 24th day of August, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[15] Plaintiff's exhibit 16.